IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY B. MYERS,
    Plaintiff,

v.                                 Civil Action No. 8:19-cv-00637-PX

UNITED STATES TRUSTEE,
    Defendant.

\*\*\*

**<u>MEMORANDUM OPINION</u>**

Pending before the Court in this bankruptcy appeal are Appellant Gregory B. Myers' motion for rehearing, ECF No. 13, and motion to stay, ECF No. 18. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, the motion for rehearing is denied and the motion to stay is denied as moot.

**I.    Background**

This is but one of Appellant Gregory Myers' seriatim bankruptcy appeals stemming from his November 2015 bankruptcy petition. The Court has previously addressed the history of Myers' litigation tactics in its Memorandum Opinions issued in *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 8:18-cv-03460-PX (D. Md.) and *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, 8:18-cv-00636-PX (D. Md.). Suffice it say here that over the past three years Myers has filed 15 bankruptcy appeals and five civil cases related to his 2015 bankruptcy action, the overwhelming majority of which have been dismissed either by the Court or by Myers voluntarily after he failed to designate the record, file a brief, or pay his filing fees.

In this case, Myers noted an appeal on February 27, 2019, from the Bankruptcy Court's denial of his request to discharge his debt. ECF No. 1. The next day, Myers filed a Chapter 13

bankruptcy petition in the District of Delaware. *See In re Myers*, No. 19-10392 (Bankr. D. Del.) [hereinafter *Delaware Chapter 13*]. This filing triggered the bankruptcy code's automatic stay provision, 11 U.S.C. § 362(a), as applied to this appeal. *See* ECF No. 3 (Trustee agreeing that the petition stayed this appeal); *In re Byrd (Platinum Fin. Servs. Corp. v. Byrd)*, 357 F.3d 433, 439 (4th Cir. 2004) (explaining that bankruptcy appeals of actions against debtors are continuations of underlying action and stayed under § 362(a)).

On March 26, 2019 the Delaware Bankruptcy Court granted the Trustee relief from the automatic staying to allow Myers' appeals to go forward, and two days later dismissed the bankruptcy case. *Delaware Chapter 13*, ECF Nos. 23, 24. The Trustee thereafter notified this Court that the appeal could proceed. ECF No. 3. Myers, in response, argued that the stay should remain because he had moved to reconsider Delaware Bankruptcy Court's dismissal. ECF No. 5. The Delaware Court denied his motion for rehearing on May 2, 2019. *Delaware Chapter 13*, ECF No. 47.

As for this appeal, Myers never designated the record. On May 22, 2019, the Bankruptcy Court filed with this Court only a printout of the Bankruptcy Court's docket and indicated that no record had been designated. ECF No. 9. At this point, the Trustee had already requested that this Court order Myers to show cause why the appeal should not be dismissed for failure to designate the record. ECF No. 7. However, Myers had filed another Chapter 13 petition on May 31, 2019, in the United States Bankruptcy Court for the District of Maryland, thus triggering a new stay. *See In re Myers*, 19-17428 (Bankr. D. Md.) [hereinafter *Maryland Chapter 13*]. Recognizing that the new Chapter 13 petition stayed the appeal, the Trustee withdrew his request for a show cause order on June 6, 2019. ECF No. 8. That same day, the Trustee moved for relief from the automatic stay in the Maryland Chapter 13 case and sought to allow Myers' appeals to

2

proceed. *Maryland Chapter 13*, ECF No. 11.

On July 27, 2019, the Bankruptcy Court granted the Trustee's motion for relief for the automatic stay and denied Myers' oral motion to stay its ruling pending appeal. *Id.*, ECF No. 68. Myers then moved to reconsider on August 5, 2019, *id.*, ECF No. 83, and the Bankruptcy Court denied this request on August 27, 2019, *id.*, ECF No. 102.

Meanwhile, this appeal was still without a designated record. On August 9, 2019, this Court ordered Myers to "show cause within 14 days . . . why this appeal should not be dismissed." ECF No. 11 at 2. Two months went by and Myers never responded. Consequently, on October 10, 2019, this Court dismissed the appeal. ECF No. 12.

Myers now moves for rehearing of the Court's order of dismissal under Federal Rule of Bankruptcy 8022. ECF No. 13. Myers also moves for a "stay" of this case on the ground that Myers recently filed a new civil action against the Trustee in which he alleges that he and the Trustee agreed to "settle" this appeal. ECF No. 18; *see Myers v. Fitzgerald*, 1:19-cv-03418 (D. Md.).

## II.  Standard of Review

A motion for rehearing under Bankruptcy Rule 8022 must state with particularity each point of law or fact that the movant believes the district court has overlooked or misapprehended. Fed. R. Bank. P. 8022(a)(2). Although the Rule does not specify a standard of review, the Court employs the same standard as for a motion to alter or amend the judgment brought pursuant to Federal Rule of Civil Procedure 59(e). *See Maines v. Wilmington Sav. Fund Soc'y*, No. 3:15CV00056, 2016 WL 6462141, at *1–2 (W.D. Va. Oct. 31, 2016) ("Petitions for rehearing function to ensure that the court properly considered all relevant information in reaching its decision; they should not be used to simply reargue the plaintiff's case or assert new

3

grounds." (internal quotation marks and citations omitted)); *In re Envtl. Techs. Int'l, Inc.*, No. 8:15-AP-786-KRM, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017) (applying Rule 59(e) standard to motion under Bankruptcy Rule 8022); *Am. First Fed., Inc. v. Theodore*, 584 B.R. 627, 632–33 (D. Vt. 2018); *Ocwen Loan Servicing, LLC for Deutsche Bank Nat'l Tr. Co. v. Randolph*, No. BR 15-10886, 2018 WL 2220843, at *2 (W.D. Pa. May 15, 2018).

Accordingly, the motion may be granted on three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). The motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright *et al.*, *supra*, § 2810.1, at 124).

Because Myers proceeds pro se, the Court construes his pleadings liberally to ensure that potentially meritorious claims survive challenge. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985))).

4

**III.     Analysis**

Myers presents three grounds for reconsideration.  First, Myers contends that the automatic stay was "extended" when he moved in the Bankruptcy Court for reconsideration of the dismissal of his Maryland Chapter 13 proceedings.  Second, Myers argues that he was not required to designate the record because the Bankruptcy Court transmitted it.  Finally, Myers asserts that the supposed settlement agreement with the Trustee constitutes new evidence that warrants vacatur of the Court's Order of dismissal.  As to each argument, the Court disagrees.

To begin, nothing prevented Myers from making these arguments in response to the Court's show cause Order or in the two months during which he sat mum.  Thus, because Myers simply wishes now to "raise arguments or present evidence that could have been raised prior to the entry of judgment," *Pac. Ins. Co.*, 148 F.3d at 403, reconsideration is denied on this basis alone.

However, even if the Court considered the arguments, they are entirely without merit.  Myers provides no grounds for the Court to conclude that some "extension" of the automatic stay rendered this Court's show cause Order void.  The Bankruptcy Court lifted the stay on July 23, 2019, and so it was no longer in effect when this Court issued its show cause Order on August 9, 2019.  Myers' moving for reconsideration in the Bankruptcy Court does not alter this analysis.  An automatic stay terminates once the Bankruptcy Court lifts it, regardless of pending motions to reconsider.  *Cf. Shaw v. Ehrlich*, 294 B.R. 260, 274 (W.D. Va. 2003) (explaining that once a stay is terminated, creditors are free to pursue their debts unless the debtor obtains a stay pending decision on appeal or ruling on a motion to reconsider).

But even if the stay were still in effect at the time of the show cause order, dismissal would still be appropriate.  "The automatic stay gives debtors the breathing room needed to

5

organize their affairs and otherwise maintain the status quo as to the relationship between the debtor, creditors, and other parties-in-interest." *In re Connecticut Pizza, Inc.*, 193 B.R. 217, 228 (Bankr. D. Md. 1996). The automatic stay, if applicable, "does not bar orders to show cause or findings of contempt when necessary to uphold the dignity of a court order. Were this not so, a party could blatantly violate direct orders of a court and then seek shelter from a bankruptcy judge. In essence, the bankruptcy process cannot be invoked to immunize contumacious behavior." *CaptialSource Fin., LLC v. Delco Oil, Inc.*, No. DKC 06-2706, 2010 WL 3733934, at *7 (D. Md. Sept. 10, 2010) (quoting *Am. Online, Inc. v. CD Prods., Inc.*, 272 B.R. 879, 881 (E.D. Va. 2002) (citation and internal quotation marks omitted)); *see also S.E.C. v. Bilzerian*, 131 F. Supp. 2d 10, 15 (D.D.C. 2001) (allowing civil contempt proceedings to proceed notwithstanding automatic stay due to the "Court's inherent power to enforce its own orders").

This Court had ordered Myers to show cause within 14 days why this case should not be dismissed due to his failure to designate the record. Myers plainly ignored the Court's order. Now he wishes to hide behind the automatic stay provision, as he has in several other cases before this Court, and without justification. Myers has shown time and again that he will initiate an action, then exhibit a dereliction in prosecution that reflects no real interest in resolution on the merits. The Court cannot help but conclude that Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit. Taking all of this into account, the Court finds that Myers' behavior has reached the point where the Court could hold Myers in contempt and dismiss the action irrespective of the automatic stay. *See In re Walters*, 868 F.2d 665, 669 & n.2 (4th Cir. 1989) (explaining that 11 U.S.C. § 105(a) allows courts to exercise civil contempt powers sua sponte when "necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process"); *cf. CaptialSource Fin., LLC*,

2010 WL 3733934, at *7; *Bilzerian*, 131 F. Supp. 2d at 15.  At this juncture, Myers is on notice that further similar conduct may result in the initiation of contempt proceedings against him.

Second, that the Bankruptcy Court filed with this Court a printout of its docket does not relieve Myers of his obligation to designate the record pursuant to Federal Rule of Bankruptcy Procedure 8009.  Rule 8009 requires that an appellant *must*, within 14 days of noticing an appeal, "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  When the record is complete, the Bankruptcy Clerk then "transmit[s] to the clerk of the court where the appeal is pending either the record or a notice that the record is available electronically."  Fed. R. Bankr. P. 8010(b)(1).  Because Myers selected no materials at all, the bankruptcy clerk's "transmittal" advised that "No Designation [was] Filed."  ECF No. 9.  Myers undoubtedly knows he failed to properly designate the record as this Court has dismissed many of Myers' past bankruptcy appeals for failure to comply with this Rule.  Myers does not get to rewrite the rules to serve his own personal timeline or agenda.

Lastly, Myers' pending claims against the Trustee do nothing to support reconsideration.  Myers demonstrated willful disregard for his obligation to designate the record and for this Court's orders.  That Myers has filed another suit does not affect the propriety of dismissal here.

Because the Court denies reconsideration, the appeal remains dismissed.  Thus, Myers motion to stay is denied as moot.

## IV. Conclusion

For the foregoing reasons, Myers' motion for rehearing is denied and motion to stay is denied as moot. A separate Order follows.

 2/13/2020
Date

/s/
Paula Xinis
United States District Judge